UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD A. SPANN,

    Petitioner,

    v.                                    CAUSE NO. 3:22-CV-187-RLM-MGG

WARDEN,

    Respondent.

## ORDER

Richard A. Spann, a prisoner without a lawyer, initiated this case by filing a notice of appeal with respect to his robbery convictions from the Elkhart Circuit Court under Case No. 20C01-1111-FB-47. This court has no appellate jurisdiction over the Indiana courts, though it may conduct habeas review of Indiana conviction under 28 U.S.C. § 2254. Mr. Spann has articulated similar legal arguments and theories in other cases challenging this conviction and filed with this court under Section 2254. See e.g., Spann v. Warden, 3:21-CV-939 (dismissed Dec. 28, 2021); Spann v. Warden, 3:21-CV-53 (dismissed Jan. 29, 2021); Spann v. Warden, 3:20-CV-728 (dismissed Sept. 16, 2020). Therefore, the court construes the notice of appeal as a petition seeking habeas relief under Section 2254.

Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Mr. Spann's claims rely on sovereign citizen theories involving his status as a natural person and a Moorish national and

numerous references to the Uniform Commercial Code. These theories are legally frivolous, and the court won't further consider them. See United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("These theories should be rejected summarily, however they are presented."). Because the petition includes no cognizable claims for habeas relief, this case is dismissed.

Under Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Mr. Spann to proceed further.

As a final matter, the court observes that Mr. Spann has now initiated four separate cases challenging his State convictions based on sovereign citizen theory, each of which were summarily dismissed as frivolous. If he chooses to continue this pattern of abusive behavior in this case or others, he may be subject to sanctions, including monetary fines and filing restrictions.

For these reasons, the court:

(1) DENIES the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DENIES Richard A. Spann a certificate of appealability pursuant to Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to enter judgment in favor of the Warden and to close this case.

SO ORDERED on March 15, 2022

                                          s/ Robert L. Miller, Jr.
                                          JUDGE
                                          UNITED STATES DISTRICT COURT